# Tosca Affinito, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania.

Argued March 11, 1977, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Thomas B. Kostolansky*, for appellant.

*George O. Phillips*, Assistant Attorney General, with him *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 11, 1977:

Claimant, Tosca Affinito, was last employed by Domora Sportswear as a coat turner until February 18, 1975, her last day of work. Due to an injury which prevented Claimant from lifting, she did not report to work on February 19 and remained absent until July 16, 1975. Claimant did not report her status of recovery to the employer, but rather felt it necessary to report to her union the progress of her rehabilitation. Upon her return to work on July 16, she learned that she had been dropped from the employment rolls.

The referee found as fact that company policy requires employees on sick leave to present a doctor's certificate once a month during the extended period of leave and that Claimant was, in fact, aware of the policy but failed to conform to it.

On the basis of the foregoing, the referee denied benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law,[1] and the Unemployment Compensation Board of Review affirmed the denial. Hence, this appeal.

The thrust of the Board's argument in support of its holding, with which we concur, is that by failing to follow the company policy of informing the company of the progress and condition of an employee on sick leave, Claimant failed to take even the minimal steps necessary to maintain the employment relationship. This is especially true when an employee is aware of the method by which she can maintain the viability of the employment relationship (contacting the employer concerning her physical improvement) and chooses, for whatever reasons, not to do so when the means of doing so are readily available and accessible. Contacting of a union in the employer's stead,[2] under the instant facts, does not show a level of

---

[1] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1), states:

§802. Ineligibility for compensation

An employe shall be ineligible for compensation for any week—

. . . .

(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

[2] The record reveals that the contacting of the employer was, in fact, a condition of the union contract and notification of the union in no way suffices in meeting the contractual condition.

diligence sufficient to warrant a legal finding of attempts to maintain the employment relationship.

Finally, Claimant alleges procedural error and denial of due process in that the employer never presented any direct evidence upon which the referee or Board could base their findings. The short answer to this quite simply is that it was Claimant's duty to shoulder the burden of proof, before both the referee and Board and this she failed to do. Notwithstanding this proposition, substantial and competent evidence does exist of record without any direct employer's testimony to justify a Section 402(b)(1) denial.

Accordingly, we

ORDER

AND Now, this 11th day of April, 1977, the decision of the Unemployment Compensation Board of Review is hereby affirmed.